# Law Offices of SHELDON KARASIK, P.C.

224 Fifth Avenue, Suite Q249 New York, New York 10001| 917-587-8153 | sheldon@karasiklawoffices.com

March 23, 2023

**By ECF**

Hon. Vernon S. Broderick, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, New York 10007

Re: <u>Ayotte, et al. v. National Basketball Association, et al.; Civil Action No. 22-cv-9666</u>

Dear Judge Broderick:

We are counsel for Plaintiffs, Mark Ayotte, Kenneth Mauer, and Jason Phillips ("Plaintiffs") and submit this joint letter with counsel for the Defendants, National Basketball Association and NBA Services, Corp., pursuant to Rule 3 of Your Honor's Individual Rules and Practices pertaining to discovery disputes. The dispute concerns Defendants' Objections and Answers to Plaintiffs' First Set of Interrogatories and First Request for Production of Documents, served on February 21, 2023 and attached hereto as Exhibits 1 and 2 sequentially.[1] Plaintiffs seek an order obligating Defendants to properly and promptly respond to those discovery requests they refused to answer. The parties have met and conferred, in accordance with Rule 3, but have not reached a resolution. The parties' positions follow.

I.   **Plaintiffs' Position with Respect to Defendants 'Objections and Responses to Plaintiffs 'First Set of Interrogatories and Requests for Production**

Defendants refused to answer interrogatory numbers 6, 7, 13, 14, 19, 20, 21, 22, 23, 24 and 25 on several bases. None are meritorious.

Interrogatory No. 6: Defendants claim that clarification is required to explain the meaning of the term "possible accommodation of Plaintiff's requests for religious exemption." During the exchange of correspondence as part of the meet and confer process, Plaintiffs referred Defendants to their own pre suit correspondence, which use the term in their EEOC submissions and their denial letter to Plaintiff Phillips. Certainly they comprehend the meaning of their own documents.

Defendants also object and refuse to answer the interrogatory to the extent it seeks privileged material. As we also advised Defendants, Plaintiff do not seek genuinely privileged material. (If such material exists, Defendants need to provide a privilege log.) Both points apply equally to interrogatory nos. 7, 13, 14, 23, 24, and 25.

---

[1] Exhibits 4 and 5 are Plaintiffs' February 22, 2023 and March 9, 2023 deficiency letters, respectively.

Defendants' third basis for failing to answer the interrogatory is based on Local Civil Rule 33.3 (a), which limits interrogatories propounded at the outset of discovery to certain matters. Here, however, all of the information covered by this Rule has already been addressed in the parties' Initial Disclosures, which are limited to seeking the material Defendants assert Plaintiffs can only pursue now as part of their discovery requests. Such a position defies logic since that information was already provided.

Defendants' Local Civil Rule 33.3 (b) objection is equally unavailing since it is necessary, and certainly customary, to obtain written discovery before commencement of and for use at depositions.

Further, Defendants object to this interrogatory on the basis of the number of interrogatories served. However, several of the interrogatories, including this one, constitute a single interrogatory per Fed. R. Civ. P. 33(a)(1). The Rule allows multiple interrelated questions to be counted as "a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately." *Cramer v. Fedco Automotive Components Company, Inc.*, 2004 WL 1574691 (W.D.N.Y. May 26, 2004).

Interrogatory No. 7: Defendants' refusal to answer this interrogatory is based on all or some of the same objections addressed above and for the same reasons should be rejected.

Interrogatory No. 13: In addition to asserting the same objections to this interrogatory, Defendants also object on the grounds that the term "qualified" is vague and ambiguous. Plaintiff already responded as part of the meet and confer process by noting "qualified" means capable of performing a job or function.

Interrogatory No. 14: Defendants' refusal to answer this interrogatory is based on all or some of the same objections addressed above and for those same reasons should be rejected.

Interrogatory No. 19: Besides the objections Plaintiffs addressed above, Defendants object to this interrogatory on the grounds that it seeks sensitive personal information, As they have already been advised, Defendants can redact the name and other identifying information of the referenced individuals addressed in Defendants' interrogatory response. Defendants also assert a relevance objection. The interrogatory asks about religious exemptions sought by others in Defendants' employ and how they were addressed. This lawsuit alleges religious discrimination in employment based on Defendants' improper and unlawful rejection of Plaintiffs' request for religious exemptions. How other employees' requests for the same relief were treated is certainly relevant and meets the relatively low threshold needed to show relevance for purposes of discovery. Factually, if no religious exemptions were granted, the exemption would be no more than a chimera. Alternatively, if exemptions were granted on similar grounds requested by Plaintiffs, it would call into question the legitimacy of Defendants' termination of Plaintiffs from their longstanding careers. *See e.g.*, *Torgovnick v. Soulcycle, Inc.*, 2018 WL 5318277 (S.D.N.Y. Oct. 29, 2018) (treating as relevant discovery of "information regarding employees who are similarly situated to the Plaintiff.")

Interrogatory No. 20: Besides the objections addressed above, Defendants assert that this request is burdensome, particularly since it seeks information on basketball leagues abroad. As part of the meet and confer, Plaintiffs expressed a willingness to limit their request to basketball leagues in the United States affiliated with the NBA. Defendants never responded.

Interrogatory No. 21: Besides the objections addressed above, Defendants claim that the term basketball leagues in the United States or abroad is vague and ambiguous. Plaintiffs responded by directing Defendants to their Initial Disclosures, which identify **its** various basketball leagues. There is nothing

vague or ambiguous about its own documents.

Interrogatory No. 22: Defendants' refusal to answer this interrogatory is based on all or some of the same objections addressed above and for the same reasons stated herein should likewise be rejected.

Interrogatory No. 23: Besides the objections addressed above, Defendants claimed that the word "elements" is unclear, Plaintiffs responded by directing Defendants to ignore the word in answering the interrogatory. Defendants never responded.

Interrogatory Nos. 24 and 25: Besides the objections noted above, Defendants object on the basis that the words "investigate" and "investigation" are unclear. In response, Plaintiff advised Defendants to use the commonly understood definition of "making a systematic inquiry." Defendants never responded.

**Requests for Production**

Defendants' objections to Plaintiffs' Document Requests track and duplicate their objections to Plaintiffs' Interrogatories. In particular, Defendants refuse to provide responsive documents to Document Request numbers 5, 6, 12, 13, 18, 19, 20, 21, 22, 23 and 24, which correspond to Interrogatories 6, 7, 13, 14, 19, 20, 21, 22, 23, 24 and 25, respectively, on the same grounds they refuse to answer the applicable interrogatories. Thus, for the same reasons that Defendants' objections to Plaintiffs' Interrogatories should be overruled, so must their refusal to produce responsive documents.

II. **Defendants' Position**

Plaintiffs' letter request should be denied as premature as the parties have not yet met and conferred in accordance with the Court's Individual Rules.[2] Plaintiffs' request should also be denied because: (i) Interrogatory Nos. 6, 7, 13, 14, 19, 20, 21, 22, 23, 24 and 25 are improper contention interrogatories which violate Local Civil Rule ("LCR") 33.3 and, thus, no response is required; (ii) Plaintiffs served in excess of 25 interrogatories in violation of Fed. R. Civ. P. ("FRCP") 33(a); and (iii) Defendants appropriately objected to certain of the document requests, produced documents in response to certain document requests, and/or specifically indicated where they are willing to search for additional documents, including ESI, upon an agreement between the parties with respect to ESI date ranges, custodians, and search terms.[3]

A. **Defendants' Objections To The Improper Contention Interrogatories Should Be Sustained.**

Under LCR 33.3(a), interrogatories served at the commencement of discovery are restricted to those "seeking names of witnesses with knowledge of information relevant to the subject matter of the action," "the computation of each category of damage alleged," and "the existence, custodian, location and general description of relevant documents." LCR 33.3(c) further clarifies that interrogatories "seeking the claims

---

[2] Individual Rule & Practice 3 states that "[s]trict adherence to [FRCP] 37(a)(1), the 'meet and confer' rule, is required, and should be described in the joint submission as to time, place, and duration, naming the counsel involved in the discussion." The parties have exchanged letters concerning the dispute, but have not met and conferred by phone.

[3] Defendants' March 7, 2023 letter to Plaintiffs responding to the issues that Plaintiffs raise herein is attached as Exhibit 3. Exhibit 3 provides additional information as to Defendants' position regarding the Interrogatories and Document Requests described herein and is incorporated by reference.

and contentions of the opposing party" may only be served "[a]t the conclusion of other discovery."[4] Here, the interrogatories at issue, which were served at the start of discovery and before any depositions have taken place, constitute improper contention interrogatories.[5]  More particularly:

- **Interrogatory No. 6** asks Defendants to state whether there were any communications between Defendants as to any possible accommodations and to *describe* each communication.

- **Interrogatory No. 7** asks Defendants to *describe* what Defendants considered to accommodate Plaintiffs' exemption requests, to *describe* the accommodation considered, *to state* whether the accommodation was offered and *Plaintiff's response*, and *to state all the reasons* why the accommodation was not offered.

- **Interrogatory No. 13** asks Defendants to state whether Plaintiffs were qualified for any other positions with Defendants, which clearly goes beyond requesting the identification of persons with knowledge.  Similarly, **Interrogatory No. 14** asks whether the Plaintiffs would have been qualified for any other positions if their exemption requests had been granted.

- **Interrogatory Nos. 19, 20, 21 and 22** ask that Defendants identify the number of religious exemption requests that Defendants received from and granted for various individuals, and whether those individuals were interviewed by Defendants with regard to their requests.[6]

- **Interrogatory Nos. 23, 24, and 25** that Defendants *"identify" and "describe"* all elements of any undue hardship Defendants would have experienced had it granted Plaintiffs' religious exemption requests, *to describe all efforts* to investigate any undue hardship, and *to describe all communications* regarding such an investigation.

Each of the foregoing interrogatories constitutes an improper contention interrogatory to which no response is required.  Defendants properly objected to and did not answer each interrogatory on this basis,[7] and Plaintiffs' request for an order compelling responses to them should be denied.

  B. **Plaintiffs Improperly Served Over 25 Interrogatories.**

---

[4] Plaintiffs' contention that LCR 33.3(a) does not apply because those categories of information "ha[ve] already been addressed in the parties' Initial Disclosures" is baseless.  Nothing in FRCP 26(a) modifies LCR 33.3(a), and Plaintiffs cite to no statute or case law in support of their untenable position.

[5] *See Clean Earth Remediation & Const. Serv., Inc. v. Am. Int'l Grp., Inc.*, 245 F.R.D. 137, 140-41 (S.D.N.Y. 2007) ("To the extent that the foregoing interrogatories seek identification of each fact supporting an allegation, they clearly go beyond the scope permitted by [LCR] 33.3."); *Vista Food Exchange, Inc. v. Commercial De Alimentos Sanchez S De R L De C.V.*, No. 18-cv-8999 (RA) (SLC), 2020 WL 7695712, at *5 (S.D.N.Y. Dec. 28, 2020) ("[w]hether the payment process between [defendant] and [plaintiff] ever changed from July 2011 through November 2014" was "in the nature of a contention interrogatory, which is not proper until the conclusion of discovery.").

[6] Interrogatory Nos. 20 and 21 are overbroad in scope and seek information that is not relevant to the claims and defenses by asking for information concerning non-referees in the U.S. at affiliated leagues and any employees in any basketball league abroad, who are not parties to this action.

[7] In addition to their objection under LCR 33.3, Defendants asserted certain other objections in response to Plaintiffs' Interrogatories and stand by those objections as well.

4

Plaintiffs improperly served over 25 interrogatories containing distinct questions and sub-parts.[8] *See* FRCP 33(a). When totaling the interrogatories and subparts, Plaintiffs actually served at least **58 distinct interrogatories**. Despite Plaintiff's violation of FRCP 33(a), Defendants - in the spirit of cooperation - answered each non-contention interrogatory to which it had no objection beyond LCR 33.3(a).

    C. **Defendants Produced Responsive Documents In Response to the Document Requests and Indicated Where They Are Willing to Search For Additional Documents.**

Plaintiffs claim that Defendants "refuse[d] to provide responsive documents" to Plaintiffs' Request Nos. 5, 6, 12, 13, 18, 19, 20, 21, 22, 23 and 24 "on the same grounds they refuse to answer the applicable interrogatories." Plaintiffs are wrong.

In response to **Request Nos. 5 and 6**, Defendants produced responsive documents and further stated that, to the extent Defendants locate any additional responsive documents through an ESI search upon agreement between the parties concerning search terms, custodians, and date ranges, those documents will be produced.[9] There is no dispute.

**Request Nos. 12 and 13** are entirely derivative of Plaintiffs' Interrogatory Nos. 13 and 14 which, as described above, are improper contention interrogatories seeking information as to whether Plaintiffs were qualified for any position. Defendants should not be required to respond to the improper interrogatories and, by extension, the corresponding document requests.

**Request No. 18** asks Defendants to "[i]dentify and produce all documents supporting your contention identified in response to Plaintiffs' Interrogatory No. 19." Interrogatory No. 19 does not pertain to any such "contention" by Defendants and, as a result, the Request is unintelligible.

In response to **Request No. 19**, Defendants agreed to produce responsive, non-privileged documents concerning religious exemption requests granted by Defendant NBA in the United States. Defendants further stated that they are not in possession of responsive, non-privileged documents with respect to NBA Services Corp. As such, there is no dispute.

**Request Nos. 20 and 21** asks that Defendants produce documents concerning exemption requests and grants concerning non-referees in the United States at affiliated leagues, and any employees at other basketball leagues abroad. Such information is not, among other things, relevant to the claims and defenses at issue. *See* n. 6, *supra*.

In response to **Request Nos. 22, 23 and 24** (concerning undue hardship), Defendants expressly agreed to produce responsive, non-privileged documents to the extent such documents exist and can be located through a reasonable search, and further stated that they will search for ESI responsive to both requests upon agreement between the parties concerning search terms, custodians, and date ranges.

---

[8] Plaintiffs' reliance on *Cramer*, *supra*, is misplaced as that case supports Defendants' position. In *Cramer, the* court held the plaintiffs exceeded the 25-interrogatory limit where "[e]ighteen of the twenty-five of [plaintiffs'] interrogatory requests include[d] several subparts and most of the subparts cannot be fairly characterized as so closely interrelated . . . as to constitute a single interrogatory." *See Cramer*, 2004 WL 1574691, at *4.

[9] On March 17, 2023, Plaintiffs filed a Third Amended Complaint, raising new claims under 42 U.S.C. § 1983 and the Religious Freedom Restoration Act. (ECF No. 36.) Defendants note that the scope of ESI may be impacted by these new claims and any additional document requests served based on the new claims.

Very truly yours,

*/s/ Sheldon Karasik*

Sheldon Karasik

cc: Christopher Dunn (by email)
    Elise M. Bloom (by email)