# Law Offices of SHELDON KARASIK, P.C.

224 Fifth Avenue, Suite Q249 New York, New York 10001| 917-587-8153 | sheldon@karasiklawoffices.com

April 20, 2023

**By ECF**

Hon. Robert W. Lehrburger, U.S.M.J.
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/25/2023
```

Re: *Ayotte, et al. v. National Basketball Association, et al.; Civil Action No. 22-cv-9666*

Dear Magistrate Judge Lehrburger:

We are counsel for Plaintiffs Mark Ayotte, Kenneth Mauer and Jason Phillips ("Plaintiffs") and submit this letter to address a fundamental discovery dispute between the parties: Defendants' categorical refusal to respond to Plaintiffs' Second Set of Interrogatories. Defendants object to this submission because the parties have not engaged in the formality of a "meet and confer." Their position is as follows: "Defendants object to Plaintiffs' statements and will follow the Court's individual rules before participating in any form of submission of discovery disputes to the Court."

Sadly, we are now months into discovery and, despite Plaintiffs' production of numerous documents in response to Defendants' discovery requests, Defendants have found ways to avoid reciprocating and have still, despite the Court's March 28, 2023 Order, failed to produce a single piece of paper. Such circumstances, as well as the rapid passage of the discovery period, require immediate Court intervention. Moreover, it is more than obvious that a discovery impasse has been reached. On April 3, 2023, Defendants advised Plaintiffs that all such discovery is impermissible and "request that the [the Second Set of Interrogatories] be withdrawn." Plaintiffs wholeheartedly disagree. Copies of Plaintiffs' Second Set of Interrogatories and Defendants' April 3, 2023 correspondence are attached.

Plaintiffs' Second Set of Interrogatories address the precise matters Defendants have strenuously avoided answering in their responses to Plaintiffs' First Set of Interrogatories, First Set of Document Requests and First Request for Admissions. Defendants stated that they would not provide *any* responses, on the grounds that Plaintiffs are precluded from serving additional discovery on anything except the newly added allegations in the Third Amended Complaint, pursuant to paragraphs 8 a. and b. of the Amended Case Management Plan and Scheduling Order ("ACMP"). Those provisions require service of discovery requests regarding the newly added allegations in the Third Amended Complaint with twenty-one days after service of the Complaint. They are not, however, intended to prohibit service of all other written discovery otherwise available under law. They are simply intended to timely commence the discovery process with respect to the additional allegations.

Defendants' tortured interpretation of the ACMP Amended Case Management Plan is completely at odds with Local Rule 33.3 of the Local Rules of the United States District Courts

for the Southern and Eastern Districts of New York which, in subsection (a), limits interrogatories served at the commencement of discovery to certain basic matters, and which, in subsection (b), *permits* additional interrogatories and which in subsection (c) provides a cut-off date for service of contention interrogatories. If Defendants' position was correct, subsections (b) and (c) would be nullified since Plaintiffs could never serve interrogatories on anything except their newly added allegations. Clearly, the reference in the ACMP to the service of initial discovery concerning the newly added allegations was not intended to rewrite the local rules or abbreviate the discovery process, which on March 1, 2023 Defendants asked the Court to extend from April 14, 2023 to August 14, 2023.

Moreover, the Court sustained Defendants' refusal to answer certain interrogatories contained in Plaintiffs' First Set of Interrogatories based on Local Civil Rule 33.3 (a). That provision limits matters that can be inquired into initially. By doing so, it obviously allows for subsequent inquiry into other matters. According to Defendants however, Plaintiffs can only serve initial interrogatories limited to that provision, all others are forever precluded. Such a perverse result would also fly in the face of common practice since follow up interrogatories and other discovery requests are routinely served in all areas of civil litigation.

It is blackletter law that the scope of discovery in federal court is very broad. *See, e.g., Pegoraro v. Marrero*, 28 F.R.D.122,127 (S.D.NY. 2012). It encompasses, as the Second Circuit noted, "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.*, 964 F.2d 106, 114 (2d Cir. 1992) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). The Federal Rules of Civil Procedure thus provide substantial leeway to seek information through use of all discovery tools.

The information sought in the interrogatories Defendants refuse to answer is highly relevant to the case and the burden of compliance is virtually non-existent. They pose straightforward questions, answers to which should have already been encompassed within prior responses. The problem is that no such "prior responses" have been provided. We ask, for example: who terminated Plaintiff Phillips? Who considered potential accommodations for Plaintiff Mauer's religious exemption request? Who authored the memorandum recommending denial of Plaintiff Ayotte's religious exemption request? These questions, as well as the others in the Second Set of Interrogatories, are about as basic to the case as any.

For the foregoing reasons, Plaintiffs respectfully request that the Court order Defendants to fully respond to Plaintiffs' Second Set of Interrogatories.

Respectfully submitted,

*/s/ Sheldon Karasik*

Sheldon Karasik

Plaintiffs' application is denied without prejudice as premature. After Defendants provide their objections and responses, and the parties meet and confer, Plaintiffs may renew the application as to any remaining disputes. As guidance for the parties, the Court notes that, in light of objections previously sustained with respect to Defendants' broader first set of interrogatories, the Court will not sustain objections to the second set of interrogatories based on their number or on the basis that they do not pertain to the changes in the amended complaint.

SO ORDERED:

4/25/2023

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE