USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/6/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MARK AYOTTE, KEN MAUER, and JASON PHILLIPS,

                               Plaintiffs,

              - against -

THE NATIONAL BASKETBALL
ASSOCIATION and NBA SERVICES CORP.,

                              Defendants.
-------------------------------------------------------------X

22-CV-9666 (VSB) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

      This order resolves Defendants letter motion to compel at Dkt. 55 (*see also* Plaintiffs' response at Dkt. 56).

      1.     Both parties are at fault in failing to sufficiently meet and confer. On one hand, in their June 27, 2023 email, defense counsel gave an unrealistically narrow time frame for plaintiff counsel to meet and confer. On the other hand, Plaintiffs' counsel responded that he was not available at the proposed time without proposing any alternatives. Counsel can do better. In the interest of efficiency, the Court will proceed to address the issues raised by Defendants.

      2.     Medical information and HIPAA authorizations:  Plaintiffs overstate the extent to which compliance with these requests is "voluntary." The Second Circuit recognizes three categories of damages for emotional distress:  (1) garden variety; (2) significant; and (3) egregious. *Sooroojballie v. Port Authority of New York & New Jersey*, 816 F. App'x 536, 546 (2d Cir. 2020). A plaintiff need not produce medical records only if asserting a garden-variety emotional distress claim but must produce such records to

1

support claims for the other categories. *E.g.*, *Ravina v. Columbia University*, No. 16-CV-2137, 2019 WL 1450449, at *11-12 (S.D.N.Y. March 31, 2019); *Emamian v. Rockefeller University*, No. 07-CV-3919, 2018 WL 2849700, at *16 (S.D.N.Y. June 8, 2018). Plaintiffs must inform Defendants whether Plaintiffs are pursuing more than garden-variety emotional distress damages, and, if so, must produce all responsive mental health records; records of physical health need not be produced unless Plaintiffs claim to have incurred physical injury related to emotional distress, or have experience physical injury affecting their mental health. As for HIPAA authorizations, Plaintiffs shall provide compliant authorization forms that each identify only one provider.

3. Interrogatory No. 9 to Ayotte: Ayotte must fully answer this interrogatory. Plaintiff counsel's reiteration that Ayotte "could not find comparable work" does not substitute for an answer identifying the efforts made to do so.

4. Interrogatory No. 9 to Mauer and corresponding Requests Nos. 67 and 69: Producing a list of companies does not suffice for a complete response to the interrogatory; Mauer must fully answer it and must comply with the corresponding document requests.

5. Requests Nos. 63 and 64 to Mauer: Mauer's objection to producing documents concerning his book deal is not well taken. That he may have a confidentiality agreement with a non-party does not excuse him from producing the documents in this litigation, particularly as there is a protective order in place. If, however, Mauer does not seek damages in connection with his alleged lost book opportunity, then he need not produce the documents. Mauer shall inform Defendants whether he intends to proceed with claiming the lost book opportunity as damages and shall comply with the relevant document requests consistent with that decision.

6. Interrogatory No. 15 and Requests Nos. 66 and 72 to Phillips: Phillips shall answer the interrogatory and comply with the document requests. Based on Plaintiffs' letter at Dkt. 56, it appears that Phillips intends to comply.

7. Second Set of RFPs, Requests Nos. 26 and 27: Plaintiffs appear to have clarified that there are no videos, but rather only audio recordings that already have been produced. If there are any such videos, however, Plaintiffs shall produce them.

8. Allegedly illegible documents: Plaintiffs represent that they have produced the documents just as they are. Accordingly, it appears that this dispute has been resolved.

The Clerk of Court is respectfully requested to terminate the motion at Dkt. 55.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: July 6, 2023
       New York, New York

Copies transmitted this date to all counsel of record.