```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARK AYOTTE, KEN MAUER, and JASON     :
PHILLIPS,                              :
                                       :
                                       :
                                       :       22-CV-9666 (VSB) (RWL)
                      Plaintiffs,      :
                                       :
       - against -                     :       ORDER
                                       :
THE NATIONAL BASKETBALL                :
ASSOCIATION and NBA SERVICES CORP.,    :
                                       :
                      Defendants.      :
                                       :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/26/2023

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order resolves Plaintiffs' letter motion at Dkt. 58 requesting that all of Defendants' objections to their Interrogatories and Document Requests regarding the Third Amended Complaint be deemed waived due to lack of specificity.  The request is DENIED.

Plaintiffs served the discovery requests 41 days beyond the deadline established by the scheduling order to serve the requests.  (Dkt. 29 at 8(a)-(b).)  The most reasonable reading of the scheduling order's use of the permissive "may" is that it reflects the option of Plaintiffs to serve or not serve requests regarding the amended pleading; it does not reflect the option of waiting to serve the requests beyond the 21-day deadline.  The Court is not persuaded by Plaintiffs' argument that interim deadlines are merely "provisional" such that either party has the right to unilaterally ignore the deadlines.  Rather, the deadlines are provisional in that either the parties upon agreement, or the Court, may modify the deadlines.  Nor do Plaintiffs benefit from the two-month extension of all discovery dates provided by the June 26, 2023 scheduling order.  (*See* Dkt. 54.)  By the

1

time that extension had been granted, the 21-day deadline for serving the requests at issue had long-ago expired.

All that said, the Court agrees that the scheduling order's language is somewhat ambiguous. Further, nothing in the scheduling order generally prohibits parties from serving supplemental discovery requests as discovery progresses; Defendants have not identified any prejudice by the belated service of the requests; and inasmuch as Plaintiffs were granted leave to file the Third Amended Complaint, the Court finds it in the interest of justice for some relevant discovery to be taken.

At the same time, the Court does not agree that Defendants have waived their objections by insufficiently responding to the requests – Defendants had a good faith basis to universally object to all of the requests based on timing and number.

Accordingly, the parties shall meet and confer about Defendants' objections to narrow any disputes about the scope of the requested discovery. In that regard, the Court agrees with Defendants that at least some of the requests appear overly broad. As to any objections maintained after meeting and conferring, Defendants must make clear what information/documents they are producing and those which they are not. General statements that Defendants will produce information/documents subject to stated objections will not suffice.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: July 26, 2023
       New York, New York

Copies transmitted this date to all counsel of record.