UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MARK AYOTTE, KEN MAUER, and JASON PHILLIPS,

                Plaintiffs,

      - against -

THE NATIONAL BASKETBALL ASSOCIATION and NBA SERVICES CORP.,

                Defendants.
-----------------------------------------------------------X

22-CV-9666 (VSB) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

    This order resolves the requests of the Defendants (the "NBA") for an award of attorneys' fees and costs in connection with Plaintiffs' three-hour deposition of General Dempsey (Dkt. 101), and for a protective order prohibiting Plaintiffs from deposing NBA Commissioner Adam Silver pursuant to the apex employee doctrine (Dkt. 100).

    The request for a pre-motion conference with respect to sanctions in connection with General Dempsey's deposition is denied. The Court has sufficient information on which to rule based on the materials submitted by the parties. To be sure, much of plaintiff counsel's questioning of General Dempsey ventured into areas the relevance of which is highly tenuous at best. And the Court does not agree with Plaintiffs that their counsel's conduct "falls lights [sic.] years short of constituting bad faith, vexatiousness or acting wantonly or for oppressive reasons." (Dkt. 102 at 3 (emphasis in original).) But the Court does not find that counsel either misled the Court about the contemplated deposition or committed conduct – in this instance – worthy of sanctions.

1

As for the deposition of Mr. Silver, the NBA acknowledges that Mr. Silver provided input into the NBA's Covid-19 vaccination policies, even if he may not have had direct input into the individual decisions made with respect to Plaintiffs' requests for religious exemptions.  (Dkt. 100 at 2.)  The NBA argues that the record to date shows that Mr. Silver does not have any unique knowledge that cannot be obtained from other sources.  Plaintiffs certainly do not help their cause in that regard by noting that multiple NBA persons with knowledge were not asked about their conversations with Mr. Silver regarding the vaccination mandate (Dkt. 103 at 2); had plaintiff counsel asked such questions, the parties and the Court would have a more informed sense of Mr. Silver's role in the specific facts at issue.  All that said, the NBA did not object to the requested deposition of Mr. Silver when first served with notice of his deposition on May 30, 2023, instead waiting to do so until several months later in December.  Additionally, the NBA previously offered to make Mr. Silver available for four hours of deposition questioning.  (Dkt. 100 at 1 n.1; *see also* Dkt. 103 at 1 n.1.)  Based on all the circumstances, the Court will not entirely preclude Mr. Silver's deposition from being taken.

As alternative relief, in the event the Court does not entirely preclude the deposition of Mr. Silver, the NBA proposes that the deposition be limited to one hour of questioning about the NBA's Covid-19 vaccination requirements.  (Dkt. 100 at 3 n.7.)  The Court agrees that Mr. Silver's deposition should be limited.  Accordingly, the deposition of Mr. Silver shall be limited to no more than two hours.  Questioning shall be confined to the facts at issue and should focus on the NBA's vaccination requirements and policies, including with respect to consideration of exemptions for religious reasons both generally and specifically with respect to Plaintiffs.

      The Clerk of Court is respectfully directed to terminate the motion at Dkt. 100 and 101.

                                      SO ORDERED.

                                _____
                                ROBERT W. LEHRBURGER
                                UNITED STATES MAGISTRATE JUDGE

Dated: December 27, 2023
       New York, New York

Copies transmitted this date to all counsel of record.