USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/5/2024

**Law Offices of**
**SHELDON KARASIK**
**A Professional Corporation**

224 Fifth Avenue, Suite Q 249
New York, New York 1001
Direct Dial: (917) 587-8153
Email: sheldon@karasiklawoffices.com

**BY ECF**

January 1, 2024

Hon. Robert W. Lehrburger, U.S.M.J.
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, New York 10007

**Re:** *Ayotte, et al. v. National Basketball Association, et al.;* **No. 1:22-cv-09666 (VSB) (RWL)**

Dear Magistrate Judge Lehrburger:

We represent Plaintiffs Mark Ayotte, Jason Phillips, and Kenneth Mauer ("Plaintiffs") in the above matter. We write to request a protective order, pursuant to Federal Rule of Civil Procedure 26(c), limiting the upcoming depositions of Plaintiffs 'therapists – Drs. Kelly Volkmann and Kimberly Dunn – to one hour each.

**I.  Factual Background**

Among the damages Plaintiffs allege as a result of their terminations are those for emotional distress.  Mr. Mauer and Mr. Phillips recently began seeing therapists to help them cope with the distress they have experienced.  Mr. Mauer engaged Dr. Kelly Volkmann, and Mr. Phillips engaged Dr. Kimberly Dunn.

Defendants previously subpoenaed records from both therapists and have had them in hand for months. They are hardly voluminous.  In fact, although they total roughly 20 pages, several pages are duplicates, and others are forms.  It took Plaintiffs' counsel less than 15 minutes to review the material.  Defendants thereafter subpoenaed both therapists for depositions.  Dr. Volkmann's deposition is scheduled for January 8, 2024, and Dr. Dunn's deposition is scheduled for January 11, 2024.

The Third Amended Complaint contains no allegations concerning Dr. Volkmann or Dr. Dunn and does not allege they had any involvement with the substantive allegations in this case.  They do not know anything about the NBA's COVID-19 vaccination policy, the NBA's denial of Plaintiffs 'requests for religious exemptions from that policy, or the NBA's termination of Plaintiffs' employment.  There are no documents produced by any of the parties in this case that reference either Dr. Volkmann or Dr. Dunn.  Indeed, the Plaintiffs began seeing these therapists approximately one year after their terminations: at his deposition, Mr. Mauer testified that he began seeing Dr. Volkmann in August 2023, and Mr. Phillips testified at his deposition that he began seeing Dr. Dunn in June 2023.

1

**II.     Plaintiffs are Entitled to a Protective Order Limiting the Depositions of Drs. Volkmann and Dunn to One Hour Each and to Plaintiffs' Damages for More than "Garden Variety" Emotional Distress.**

The Defendants filed two letter motions seeking to preclude the Plaintiffs from deposing General Dempsey (Doc. 90) and Commissioner Silver (Doc. 100), and the Court limited those depositions to three hours for General Dempsey (Doc. 93) and two hours for Commissioner Silver (Doc. 104).

As the Defendants noted in their letter motion concerning General Dempsey, "FRCP 26(b)(1) states that discovery may be had regarding 'any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case,' considering, *inter alia*, 'the importance of the issues at stake in the action, . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.' FRCP 26(c) provides that 'any person from whom discovery is sought may move for a protective order in the court where the action is pending. . .' and '[t]he court may, for good cause, issue an order to protect a . . . person from annoyance, embarrassment, oppression, or undue burden or expense.'" Doc. 90 at 2-3.

Borrowing from the Defendants' arguments in that motion, "[c]ourts routinely prohibit nonparty depositions where it is clear the nonparty witness does not possess relevant knowledge and a deposition would merely waste time and harass the witness. *See United States v. Caming*, 968 F.2d 232, 238 (2d Cir. 1992) (*overruled on other grounds*) (subpoena quashed where witness "'kn[ew] nothing about the underlying transactions' [and] had 'no personal knowledge of any of the underlying facts'"); *Doe v. Poly Prep Country Day Sch.*, 20-CV-03628- DG-SJB, 2022 WL 18276936, at *1 (E.D.N.Y. May 25, 2022) (prohibiting nonparty deposition given that it was a "speculative foray that borders on harassment" and there was "nothing to indicate that [the witness] had any contemporaneous knowledge of the abuse Plaintiff suffered"); *City of Almaty, Kazakhstan v. Sater*, No. 19-CV-2645 (JGK) (KHP), 2022 WL 10374082, at *4-5 (S.D.N.Y. Oct. 18, 2022) (granting protective order where deposition of nonparty deposition was "not proportional to the needs of the case and [was] unlikely to elicit relevant information").

### A.     The Scope of Information Into Which Defendants May Inquire is Narrow.

Although the psychotherapist/patient privilege applies to Plaintiffs' communications with Drs. Volkmann and Dunn and their associated records, that privilege is waived for damages that exceed "garden variety" emotional distress.

Claims for "serious emotional distress", such as "the inducement or aggravation of a diagnosable dysfunction or equivalent injury," waive the privilege. *See Doe v. Sarah Lawrence Coll.*, 2021 U.S. Dist. LEXIS 10499, at *11 (S.D.N.Y. Jan. 20, 2021) (finding privilege waived where plaintiff had cause of action for negligent infliction of emotional distress, sought over $6 million in compensatory damages for hospitalization and future mental health treatment, and alleged permanent "emotional harm is at the heart of the litigation").

By contrast, "a plaintiff who asserts only 'garden variety' emotional distress claims does not waive the psychotherapist-patient privilege barring discoverability of health records based solely on such 'garden variety' damages claims." *Fresh Air for the Eastside, Inc. v. Waste Mgmt. of N.Y., L.L.C.*, No. 18-CV-6588-FPG, 2023 U.S. Dist. LEXIS 166618, at *21-22 (W.D.N.Y. Sep. 19, 2023).

Because Plaintiffs seek more than "garden variety" emotional distress damages and have thus waived the privilege, Defendants were entitled to obtain the treatment records, as the Court ruled. These they have and the records speak for themselves.

### B. The Court Recently Limited the Depositions of Non-Parties Carol Ayotte, General Martin E. Dempsey, and NBA Commissioner Adam Silver.

As noted above, the Court limited General Dempsey's deposition to three hours and Commissioner Silver's deposition to two hours. The Court also limited the deposition of Carol Ayotte to 2.5 hours. Doc. 84. Regarding General Dempsey, the Court reasoned that "discovery to date has not revealed any connection between General Dempsey and the NBA's Covid-19 policies." Doc. 93 at 1. The Court acknowledged, however, that General Dempsey was the "focal point" Plaintiffs' "state actor" claims and limiting his deposition to three hours would reduce any annoyance or burden from being deposed. *Id.* at 1-2. The Court permitted Commissioner Silver's deposition to proceed on a limited basis because "the NBA acknowledge[d] that Mr. Silver provided input into the NBA's Covid-19 vaccination policies." Doc. 104 at 2. The Court confined the deposition "to the facts at issue and . . . on the NBA's vaccination requirements and policies, including with respect to consideration of exemptions for religious reasons both generally and specifically with respect to Plaintiffs." *Id.* The Court limited Ms. Ayotte's deposition because, in part, the spousal privilege applied to communications between Ms. Ayotte and her husband, Plaintiff Mark Ayotte, and Ms. Ayotte had little, if any, relevant information about the Plaintiffs' claims. Doc. 75, 84.

### C. The Court Should Similarly Limit the Depositions of Drs. Volkmann and Dunn Because Their Relevant Knowledge is Limited.

Plaintiffs are seeking more than "garden variety" emotional distress. The facts concerning those damages, however, are limited. Drs. Volkmann and Dunn do not know anything about the NBA's vaccination policy, the Plaintiffs' requests for religious exemptions, the NBA's evaluation of those requests, or the Plaintiffs' terminations. The Plaintiffs began seeing Drs. Volkmann and Dunn just several months ago. Their reasons for seeing them concern only the stress each of them experienced as a result of the termination of their employment. For example, Mr. Phillips testified at his deposition that the reasons he began seeing Dr. Dunn was for "worry and stress from . . . losing a lifetime career, loss of income, moving, [and] lack of sleep."

General Dempsey and Commissioner Silver are key witnesses in the case. Despite that, their deposition time was substantially reduced from the seven hours permitted by Rule 30 of Federal Rules of Civil Procedure. Consistent with those rulings, the Court should limit the deposition of peripheral witnesses such as Drs. Volkmann and Dunn to no more than one hour each. Such a limitation would, as it did with General Dempsey, reduce any annoyance or burden Drs. Volkmann and Dunn will experience from being deposed.

Respectfully submitted,

Dated: January 1, 2024

The application to limit the duration of the depositions of Drs. Volkmann and Dunn is denied. As Plaintiffs concede, they seek more than garden variety emotional distress damages. There is no basis to limit their depositions to one hour.

SO ORDERED:

1/5/2024

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

LAW OFFICES OF SHELDON KARASIK, P.C.
Attorneys for Plaintiff

By: /s/ *Sheldon Karasik*
Sheldon Karasik (SK-4020)
244 Fifth Avenue, Suite Q249
New York, NY 10001
Direct Dial: (917) 587-8153
Email: sheldon@karasiklawoffices.com