
Proskauer Rose LLP    Eleven Times Square    New York, NY 10036-8299

February 1, 2024

<u>By ECF</u>

Vernon S. Broderick, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, New York 10007

APPLICATION GRANTED
SO ORDERED
VERNON S. BRODERICK
U.S.D.J.

Dated: February 5, 2024

    Re:  *Phillips, et al. v. NBA, et al.*, Civil. Action No. 22-cv-09666 (VSB)

Dear Judge Broderick:

We represent Defendants National Basketball Association and NBA Services Corp. ("Defendants") in the above-referenced matter. In accordance with this Court's Individual Rule & Practice 5.B, we write to request the sealing of excerpts of the deposition transcripts of Neal Stern (NBA Senior Vice President and Assistant General Counsel) and Byron Spruell (NBA President of League Operations), which Defendants are filing in connection with their opposition to the objections filed by Plaintiffs to Magistrate Judge Lehrburger's January 12, 2024 Order.

On January 12, 2024, Magistrate Judge Lehrburger denied Plaintiffs' motion seeking to conduct an additional two hours of deposition testimony each with Spruell and Stern, both of whom Plaintiffs already deposed for seven hours each. (ECF No. 110.) On January 18, 2024, Plaintiffs filed objections to the January 12, 2024 Order. (ECF No. 112.) In connection with their opposition to Plaintiffs' objections and to assist in the Court's determination, Defendants have filed excerpts of Spruell's and Stern's deposition transcripts (which Plaintiffs neglected to do) in further support of their opposition. Defendants seek to maintain under seal those deposition excerpts as they implicate significant privacy interests regarding both non-party employees and Spruell and Stern themselves (including religious beliefs); and confidential and proprietary business information concerning Defendants.

In determining whether certain materials should be allowed to be filed under seal, courts recognize "[c]ountervailing considerations" to the presumption of judicial access, including "'the privacy interests of those resisting disclosure.'" *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). The Second Circuit has "held that the privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *Amodeo*, 71 F.3d at 1051 (internal citation and alteration omitted). Similarly, a business's confidential and proprietary business information can overcome the presumption of judicial access. *See Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412-13 (S.D.N.Y. 2015) (granting motion to seal documents containing, among other things, emails revealing confidential business decisions).

**Proskauer»**

Judge Vernon S. Broderick, U.S.D.J.
February 1, 2024
Page 2

Here, Defendants are seeking to maintain under seal excerpts of Spruell's and Stern's deposition testimony as they implicate their privacy interests and/or the privacy interests of non-parties, or concern Defendants' confidential and proprietary business information that is not within the public domain. Specifically, the deposition excerpts contain: (i) private information concerning non-party employees' and/or non-party referees' religious exemption requests; (ii) non-public and sensitive information concerning Spruell's and Stern's religious beliefs, personal views about sensitive matters entirely unrelated to Plaintiffs' claims, and involvement in disciplinary action involving non-party employees; and (iii) confidential and proprietary business information concerning Defendants' handling of personnel matters, including non-public discussions and/or correspondence involving NBA executives and in-house counsel, many of which were conducted in a privileged capacity.

The materials that Defendants seek to maintain under seal would invade the privacy interests of non-parties and/or Defendants, and therefore outweigh the presumption of judicial access.

Accordingly, Defendants respectfully request that the Court grant Defendants' motion for the materials described herein to remain under seal.

Respectfully submitted,

*/s/ Elise M. Bloom*

Elise M. Bloom

Attachments

cc:     All Counsel of Record (by ECF)