

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

July 10, 2024

**By ECF**

Honorable Robert W. Lehrburger, U.S.M.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, New York 10007-1312

Elise M. Bloom
Member of the Firm

d +1.212.969.3410
f 212.969.2900
ebloom@proskauer.com
www.proskauer.com

Re: *Phillips, et al. v. NBA, et al.*, Civil Action No. 22-cv-09666 (VSB) (RWL)

Dear Magistrate Judge Lehrburger:

We represent Defendants National Basketball Association (the "NBA") and NBA Services, Corp. (together, "Defendants") and write, pursuant to Section II.D of Your Honor's Individual Practices, to respectfully request that Plaintiffs be compelled to produce all communications between Plaintiffs' counsel and Plaintiffs' non-retained expert, Dr. Norman Goldwasser. As detailed below, communications between counsel and a non-retained expert (like Dr. Goldwasser) are not protected by the attorney-client privilege and, as such, Plaintiffs' continued refusal to produce these communications by claiming they are privileged is baseless.

As demonstrated below, Defendants have repeatedly attempted to resolve this issue without Court intervention to no avail. Given that Dr. Goldwasser's deposition is scheduled to occur July 18, 2024,[1] Defendants respectfully request that Plaintiffs be compelled to produce these communications as soon as possible, but by no later than July 16, 2024 at 12:00 noon.[2]

### I.   Background

In this action, Plaintiffs bring discrimination claims arising out of the denial of their requests for a religious exemption from the COVID-19 vaccination requirements applicable to them. The parties are presently engaged in expert discovery.

On April 19, 2024, Plaintiffs disclosed Dr. Goldwasser as a non-retained expert pursuant to Federal Rule of Civil Procedure ("FRCP") 26(a)(2)(C). (**Exhibit A**.) Dr. Goldwasser is a psychologist who Plaintiffs represented would testify regarding Plaintiff Ken Mauer's alleged emotional distress.

In the ensuing months, Defendants repeatedly requested the production of all relevant documents and communications regarding Dr. Goldwasser's treatment of Plaintiff Mauer and related to Dr. Goldwasser's role as a non-retained expert, including all communications between Plaintiffs' counsel and Dr. Goldwasser. Plaintiffs continually disregarded those requests and dragged their feet in specifying whether communications

---

[1] Pursuant to the Fourth Amended Case Management Plan and Scheduling Order (ECF No. 138), the end date for expert discovery is July 15, 2024. Although Dr. Goldwasser was scheduled to be deposed on July 9, 2024, Plaintiffs' counsel subsequently represented that Dr. Goldwasser could no longer appear on that date and that he could only appear on July 17, 2024. Accordingly, the parties agreed to schedule Dr. Goldwasser's deposition for that date.

[2] Pursuant to this Court's Individual Practice in Civil Cases II.D, parties typically must confer in person or by telephone before raising a discovery dispute with the Court. As described below, on more than ten occasions, Defendants requested that Plaintiffs produce all communications between Dr. Goldwasser and Plaintiffs' counsel, and Plaintiffs repeatedly refused to do so. Accordingly, Defendants do not believe there is anything further for the parties to confer about.

**Proskauer**

Honorable Robert W. Lehrburger, U.S.M.J.
July 10, 2024
Page 2

between Plaintiffs' counsel and Dr. Goldwasser would be produced.

More specifically, on May 14, 2024, Defendants sent Plaintiffs a letter requesting that Plaintiffs produce, among other items, "[a]ll communications (including, but not limited to, emails and text messages), between Plaintiffs and/or Plaintiffs' counsel . . . and Dr. Goldwasser." (**Exhibit B**.) On May 18, 2024, Plaintiffs' counsel responded and generally stated that as to Dr. Goldwasser, Plaintiffs had no documents responsive to Defendants' requests, but did not specifically address communications between Plaintiffs' counsel and Dr. Goldwasser. (**Exhibit C**.) Plaintiffs' counsel also stated that at that point in time, they did not represent Dr. Goldwasser (*Id.*) On May 22, 2024, Defendants sought clarification regarding Plaintiffs' May 18, 2024 correspondence, and asked Plaintiffs to "confirm that counsel . . . have not communicated with . . . Dr. Goldwasser . . . by any written communication, including, but not limited to emails and text messages," and that if they have, "that those documents be produced immediately." (**Exhibit D**.)

On May 24, 2024, Plaintiffs' counsel represented that they would be representing Dr. Goldwasser for purposes of his deposition, and on May 29, 2024 (after Defendants had again followed up regarding the production of all communications), Plaintiffs' counsel stated that because they "are representing [Dr. Goldwasser], [they] will not be producing any attorney-client communications." (**Exhibits E**, **F**.)

On May 30, 2024, Defendants responded to Plaintiffs and provided legal authority demonstrating that communications between counsel and a non-retained expert, like Dr. Goldwasser, are not privileged. (**Exhibit G**.) Plaintiffs did not respond to that communication. On multiple occasions – specifically, on June 4, June 11, and June 14, 2024 - Defendants followed up on their request, each time asking Plaintiffs to produce these communications. (**Exhibits H**, **I, J**.) Although Plaintiffs responded to Defendants on June 6 and June 13, 2024 regarding expert deposition scheduling and other documents that Defendants had requested from Dr. Goldwasser (*see* Exs. I, J), they did not provide their position regarding communications with Dr. Goldwasser. Defendants followed up again on June 27, June 28, July 2, and July 3, 2024. (**Exhibits K, L, M, N**.) Plaintiffs' communications in response still failed to address this issue.

On July 8, 2024, after weeks of ignoring Defendants' numerous requests and only 10 days before Dr. Goldwasser's scheduled deposition, Plaintiffs' counsel stated that they maintained the position that because they are representing Dr. Goldwasser, "any communications between [counsel and Dr. Goldwasser] are privileged." (**Exhibit O**.)

## II. Communications Between Plaintiffs' Counsel And Dr. Goldwasser (A Non-Retained Expert) Are Not Privileged And Must Be Produced.

Plaintiffs disclosed Dr. Goldwasser as a non-retained expert under FRCP 26(a)(2)(C). FRCP 26(b)(4)(C) makes clear that the attorney-client privilege only applies to "communications between the party's attorney and any witness ***required to provide a report under Rule 26(a)(2)(B)***." (emphasis added).[3] Thus, non-retained experts, such as Dr. Goldwasser, are not covered by the privilege.

The Advisory Committee Notes to FRCP 26 similarly state that the "work-product protection for attorney-expert communications" is "limited to communications ***between an expert witness required to provide a report under Rule 26(a)(2)(B) and the attorney for the party on whose behalf the witness will be testifying . . . The***

---

[3] As a non-retained expert, Dr. Goldwasser was not required to – and did not – provide an expert report or other expert disclosures required for retained experts under Federal Rule of Civil Procedure ("FRCP") 26(a)(2)(B), and instead Plaintiffs only provided a summary of the subject matter, facts, and opinions to which Dr. Goldwasser may testify.

**Proskauer»**

Honorable Robert W. Lehrburger, U.S.M.J.
July 10, 2024
Page 3

*rule does not itself protect communications between counsel and other expert witnesses, such as those for whom disclosure is required under Rule 26(a)(2)(C)*." 2011 Adv. Comm. Note to FRCP 26 (emphasis added).

In line with FRCP 26's clear guidance, courts within this Circuit and outside of it have routinely held that communications between counsel and non-retained experts, like Dr. Goldwasser, are not privileged and are therefore discoverable. For example, in *Joint Stock Company Channel One Russia Worldwide v. Infomir LLC*, the court held that while expert work product, such as communications with counsel, are generally privileged, this rule "applies only to retained experts. ***Broad discovery is available for communications with non-retained experts, who are often also fact witnesses***." No. 16-CV-1318 (GBD) (BCM), 2020 WL 8810814, at *4 n.4 (S.D.N.Y. Sept. 25, 2020) (citing 2 M. Silberberg, E. Spiro & J. Mogul, Civil Practice in the Southern District of New York (2016-17 ed.) § 15:2.) (emphasis added). Similarly, in *Fung-Schwartz v. Cerner Corp.*, the court held that the protection for communications between counsel and experts "is limited to communications between *an expert witness required to provide a report under Rule 26(a)(2)(B)*" and "'does not itself protect communications between counsel and other expert witnesses, such as those for whom disclosure is required [under] Rule 26(a)(2)(C).'" No. 17-CV-0233 (VSB) (BCM), 2021 WL 8663342, at *2 (S.D.N.Y. Jan. 27, 2021) (citing 2011 Adv. Comm. Note to FRCP 26). The court further explained that non-retained witnesses, "such as 'treating physicians and accident investigators, should be treated differently than reporting witnesses with respect to the discoverability of their communications with counsel.'" *Id.* at *2 n.1 (explaining that non-retained experts, such as treating physicians, testify "concerning their 'own personal knowledge of facts,'" and that "permitting discovery into their communications with counsel could help 'prevent, or at any rate expose, attorney-caused bias.'"). (citing *U.S. v. Sierra Pac. Indus.*, No. CIV S-09-2445 KJM EFB, 2011 WL 211078, at *10 (E.D. Cal. May 26, 2011)).[4]

Here, Dr. Goldwasser was identified and disclosed as a non-retained expert, and consistent with his status as such, Plaintiffs did not provide any expert report or any other disclosures required for retained experts with respect to Dr. Goldwasser. Further, Plaintiffs have represented that Dr. Goldwasser is Plaintiff Mauer's treating psychologist. Thus, under FRCP 26 and applicable case law, Plaintiffs' counsel's communications with Dr. Goldwasser are not privileged and must be produced.

Plaintiffs' contention that these communications are privileged because Plaintiffs' counsel has agreed to represent Dr. Goldwasser for purposes of his deposition is baseless. This does not change the fact that Dr. Goldwasser is a non-retained expert who Plaintiffs intend to provide testimony in support of their case, making communications between Plaintiff's counsel and him discoverable. Plaintiffs have not provided any authority showing otherwise.

Accordingly, Defendants respectfully request that Plaintiffs be compelled to produce all communications between Plaintiffs' counsel and Dr. Goldwasser by no later than July 16, 2024 at 12:00 noon.[5]

---

[4] *See also Sierra Pac. Indus.*, 2011 WL 211078, at *5-11 (communications between counsel and non-retained experts, such as treating physicians, are not protected from disclosure); *PacifiCorp. v. Northwest Pipeline GP*, 879 F. Supp. 2d 1171, 1213 (D. Or. 2012) (designation as non-retained expert "serves to waive all applicable privileges and protections"); *Garcia v. Patton*, No. 14-cv-01568-RM-MJW, 2016 WL 13613521, at *4 (D. Colo. July 9, 2015) (party "waived its privilege by disclosing [the witness] as a non-retained expert witness.").

[5] On July 2, 2024, Plaintiff produced a nearly illegible compilation of text messages between Dr. Goldwasser and Plaintiff Ken Mauer. On July 8, 2024, Plaintiffs represented that they are attempting to provide more legible copies of those text messages, but to date have not done so. Defendants reserve their right to seek further relief regarding Plaintiffs' production, including the text messages.

**Proskauer**

Honorable Robert W. Lehrburger, U.S.M.J.
July 10, 2024
Page 4

Respectfully submitted,

*/s/ Elise M. Bloom*
Elise M. Bloom

cc:     All Counsel of Record (via ECF)