**Proskauer»**  Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

The sealing request is granted.
SO ORDERED:

7/10/2025

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

April 18, 2025

Elise M. Bloom
Member of the Firm
d +1.212.969.3410
f 212.969.2900
ebloom@proskauer.com
www.proskauer.com

*By ECF*

Hon. Vernon S. Broderick, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, New York 10007

Re: *Phillips, et al. v. NBA, et al.*, Civil. Action No. 22-cv-09666 (VSB)

Dear Judge Broderick:

We represent Defendants the National Basketball Association and NBA Services Corp. (together, "NBA" or "Defendants") in the above-referenced matter. Pursuant to this Court's Individual Rule & Practice 5.B and Paragraph 6 of the Stipulation And Order of Confidentiality (ECF No. 25), Defendants submit this letter-motion to respectfully request an order sealing certain confidential information filed in support of Defendants' Motion For Summary Judgment.

For the reasons set forth below, sealing of Defendants' confidential information – namely (i) private information concerning nonparties; and (ii) Defendants' confidential and/or proprietary business information – is appropriate pursuant to *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Defendants therefore respectfully request that the Court permit the following documents and testimony be filed under seal and/or with redactions:[1]

- Exhibits A and F to the Declaration of Neal Stern In Support of Defendants' Motion For Summary Judgment;
- Exhibits C, E, F, I, L, O, P, R, V, X, CC, DD, FF, GG, HH, II, JJ, NN, PP, DDD, FFF, NNN, TTT, UUU, and WWW to the Declaration of Elise M. Bloom In Support of Defendants' Motion For Summary Judgment.

Defendants also request that the Court permit any related discussions of these documents in their memorandum of law and Statement of Undisputed Material Facts Pursuant To Local Rule 56.1 (as well as in any subsequent briefing submitted in connection with Defendants' Motion, to the extent applicable) be maintained on the public docket with limited redactions.

I. **Applicable Legal Standard.**

"The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007) (citing *Lugosch*, 435 F.3d at 119-20. First, the Court determines whether

---

[1] Pursuant to this Court's Individual Rules & Practice 5.B.i, Defendants have also sealed Plaintiffs' medical records and dates of birth, which do not require Court approval. The parties have agreed that testimony or documents referencing the fact that Plaintiffs have taken certain medications need not be redacted.

**Proskauer**

Hon. Vernon S. Broderick, U.S.D.J.
April 18, 2025
Page 2

the documents are judicial documents to which the public has a presumptive right of access. *Id*. Second, the Court determines the weight of the presumptive right of access by examining "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id*. Third, once the weight is determined, "a court must balance competing considerations against it." *Stern*, 529 F. Supp. 2d at 420 (citing *Amodeo*, 71 F.3d at 1050). Mindful of the applicable standard, Defendants have limited the information they request to file under seal as follows.

## II. Defendants' Narrowly Tailored Sealing Requests Are Consistent With *Lugosch*.

Defendants request to seal two narrow categories of information.

*First*, Defendants request to seal private, sensitive information regarding nonparties, including other NBA referees and employees. This includes private health information, such as nonparties' COVID-19 vaccination status and medical and/or religious exemption requests. It also includes NBA employees' email addresses.

The Second Circuit has "held that the privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) (internal citation and alteration omitted); *see also In re Google Digit. Advert. Antitrust Litig.*, 2021 WL 4848758, at *5 (S.D.N.Y. Oct. 15, 2021) (sealing names, job titles and email addresses of non-party employees); *Al Thani v. Hanke*, 2021 WL 2789276, at *1 (S.D.N.Y. Jan. 15, 2021) (granting request to redact personal information, including names, from a publicly filed exhibit on the grounds that "the privacy interests of [defendants'] investors, who are not parties to this case and whose identities are not relevant to the resolution of the motions to dismiss, outweigh the presumption of public access" and the redactions were "narrowly tailored to protect the investors' privacy interests"); *Kelly v. City of N. Y.*, 2003 WL 548400 (S.D.N.Y. Feb. 24, 2003) (redacting employee names in personnel records because disclosure had "the potential to invade their privacy and impair their personal reputations").

Similarly, sensitive health information is commonly recognized as outweighing the presumption of judicial access. *See, e.g., Dilworth v. Goldberg*, 2014 WL 3798631, at *2 n.3 (S.D.N.Y. Aug. 1, 2014) (finding that exhibits containing medical records were properly redacted as "courts routinely file medical records under seal"); *Sterbens v. Sound Shore Med. Ctr. of Westchester*, 2001 WL 1549228, at *1 (S.D.N.Y. Dec. 4, 2001) (sealing portions of file containing medical information).

Here, the privacy interests of nonparties, especially regarding their sensitive health information, outweigh any presumption of access to these documents. The need to protect this type of information is particularly acute in light of the fact that NBA referees operate in the public arena.

Based on the foregoing, Defendants respectfully request that the following information and/or documents remain on the public docket in redacted form or sealed:

**Proskauer»**

Hon. Vernon S. Broderick, U.S.D.J.
April 18, 2025
Page 3

- Exhibit A to the Declaration of Neal Stern In Support of Defendants' Motion For Summary Judgment;

- Exhibits C, E, F, I, L, R, V, X, CC, FF, GG, HH, II, JJ, NN, PP, DDD, FFF, NNN, and TTT to the Declaration of Elise M. Bloom In Support of Defendants' Motion For Summary Judgment.

*Second*, Defendants move to seal Defendants' confidential and/or proprietary business information, which overcomes the presumption of judicial access. *See Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412-13 (S.D.N.Y. 2015) (granting motion to seal documents containing, among other things, emails revealing confidential business decisions); *Playtex Prods., LLC v. Munchkin, Inc*., 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) ("[B]ecause Plaintiffs' privacy interests and the likely harm they may suffer if this 'highly proprietary material' is revealed to their competitors outweigh the presumption of public access, the Court authorizes the sealing of the redacted statements.").

Defendants are moving to seal confidential information concerning the NBA's business operations, including information regarding: (i) the NBA's processes for scheduling and rescheduling games; and (ii) salaries of NBA employees. This information is not widely disseminated and is only disclosed on a need-to-know basis. *See Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (upholding district court's finding that the defendant's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access"); *Dodona I, LLC v. Goldman Sachs & Co.*, No. 10 Civ. 7947, 2015 WL 4652608, at *3 (S.D.N.Y. July 30, 2015) (allowing redaction of compensation information of current and former employees).

Based on the foregoing, Defendants respectfully request that the following information and/or documents remain on the public docket in redacted form or sealed:

- Exhibit F to the Declaration of Neal Stern In Support of Defendants' Motion For Summary Judgment;

- Exhibits O, P, CC, DD, GG, UUU, and WWW to the Declaration of Elise M. Bloom In Support of Defendants' Motion For Summary Judgment.

### III. Conclusion

For the foregoing reasons, Defendants' sealing requests are narrowly tailored to protect private, confidential, and/or proprietary information, and therefore consistent with *Lugosch*. Accordingly, Defendants respectfully request that the Court grant Defendants' motion to seal the materials summarized above, and any related discussion of these documents in Defendants' memoranda of law and statement of undisputed material facts pursuant to Local Rule 56.1 (as well as any subsequent briefing submitted in connection with the Motions).

**Proskauer»**

**Proskauer**

Hon. Vernon S. Broderick, U.S.D.J.
April 18, 2025
Page 4

Respectfully submitted,

*/s/ Elise M. Bloom*

Elise M. Bloom

cc: All Counsel of Record (via ECF)