UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARK AYOTTE, KEN MAUER, and JASON PHILLIPS,

                      Plaintiffs,

     - against -

THE NATIONAL BASKETBALL ASSOCIATION and NBA SERVICES CORP.,

                     Defendants.
------------------------------------------------------------------X

22-CV-9666 (VSB) (RWL)

**ORDER: SEALING**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

      This case was filed by three basketball referees claiming that the NBA discriminated against them based on religion by rejecting their applications for exemption from vaccination against COVID-19. The parties have filed competing motions for summary judgment and motions in limine to exclude expert testimony. In connection with those motions, the parties jointly have requested that various supporting materials be retained under seal. (*See* Dkt. 249.) In some instances, the parties seek to redact portions of documents, but they also seek to seal many of the materials at issue in their entirety.

      In determining whether information qualifies for sealing, the Court has followed the three-step inquiry required by the Second Circuit for doing so. "First, the court determines whether the record at issue is a judicial document – a document to which the presumption of public access attaches. Second, if the record sought is determined to be a judicial document, the court proceeds to determine the weight of the presumption of access to that document. Third, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight

1

properly accorded the presumption of access." *Stafford v. International Business Machines Corp.*, 78 F.4th 62, 69-70 (2d Cir. 2023) (internal quotation marks and citations omitted), *cert. denied*, 144 S. Ct. 1011 (2024); *accord Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (discussing the three-step analysis).

With respect to the first step, all of the materials filed for the Court's consideration are judicial documents to which the presumption of access attaches. That is because they all have been filed in connection with the parties' motions for summary judgment and their accompanying motions to exclude expert testimony. *See Giuffre v. Maxwell*, 146 F.4th 165, 176 (2d Cir. 2025) ("materials submitted for consideration in an as-yet-undecided summary judgment motion constitute judicial documents 'as a matter of law' because the motion sought to have the court 'adjudicate[] substantive rights'") (quoting *Lugosch*, 435 F.3d at 121-22). Given the current procedural posture, even material that previously may have warranted and been granted sealing, may no longer qualify as such.

For each sealing request, the Court has assessed the weight of the presumption of access that applies. While the Court has taken into account the relevance of each item, the Court has not made any assessment of the likelihood that the Court will or will not rely on a particular document in reaching the varied decisions to be made. *See Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019) ("the proper inquiry is whether the documents are relevant to the performance of the judicial function, not whether they were relied upon").

As a general matter, the parties' sealing requests, despite being characterized as "narrowly tailored" (Dkt. 249 at 3), are impermissibly overbroad. For example, the parties request sealing of entire expert reports, even though the content of those reports includes

2

the respective expert's credentials, the expert's assignment, a list of materials reviewed by the expert, descriptions of publicly reported articles and public information, generalized concepts, and characterization of deposition testimony that itself is generalized and devoid of specific information that reasonably could be considered to raise a materially competing interest.  Even in instances where the parties seek to redact only portions of documents, the proposed redactions sweep far too broadly, and in most instances do not contain information that comes close to raising competing interests that outweigh the presumption to public access.  The Second Circuit does not permit such indiscriminate sealing.  *See Lugosch*, 435 F.3d at 124 (sealing must be "narrowly tailored" to the interest sought to be protected); *Nielson Consumer LLC v. Circana Group, L.P.*, No. 22-CV-3235, 2024 WL 990073, at *2 (S.D.N.Y. March 6, 2024) ("A sealing request is 'narrowly tailored' when it seeks to seal ***only*** that information that must be sealed to preserve higher values") (emphasis in original).

To be sure, the parties invoke two categories of information that, as a general matter, concern interests that push back against and sometimes overcome the presumption to public access:  (1) private, sensitive information of non-parties; and (2) proprietary business information.  But, again, the parties overreach – most of the proposed material to be sealed does not raise either of those concerns to any significant degree, and certainly not to a degree that overcomes the presumption to public access. That is especially so with respect to the swath of information that Defendants seek to seal as scheduling, operational, and financial information "not widely disseminated and … only disclosed on a need-to-know basis."  (Dkt. 249 at 3.)  Virtually none of the material at

3

issue discloses anything beyond generalities, high level concepts, common sense, and particular witnesses' lack of specific knowledge about various topics.

While there are some instances where information is more specific – such as procedures and policies that were implemented in regard to COVID-19, or scheduling strategies affecting the costs associated with accommodating Plaintiffs' requested exemptions – that information is highly germane to the merits of the dispute. As a result, the interest in public access is particularly strong and is not outweighed by competing interests.

Accordingly, the parties' request to seal will be granted in part and denied in part. The only information that may remain under seal is the following:

1. Non-party private health information that is identified as connected to a named individual. However, the parties may not redact health information that is anonymized. Where health information can be anonymized by redacting a person's name, redaction should be limited to that.

2. Religious beliefs of non-parties (including NBA personnel) that is identified as connected to a named individual. However, the parties may not redact religious belief information that is anonymized (such as where the religious belief information is described as being associated with unidentified "Person #2"). Where religious belief information can be anonymized by redacting a person's name, redaction should be limited to that.

3. Party and non-party personal email addresses.

4. NBA personnel work email addresses.

5. W-2 or similar forms.

6. Specific numerical dollar or percentage figures (but not including dollar ($) or percent (%) signs) for: costs, financial losses, or other particularly sensitive business financial information.

The Clerk of Court is respectfully directed to terminate the letter motion at Dkt. 249.

SO ORDERED:

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: August 29, 2025
    New York, New York

Copies transmitted to all counsel of record.